ISABEL ILLANES VELAZCO, ETC., ET AL., Plaintiffs and Appellants, *v.* AMÉRICO OMS SULSONA, Defendant and Appellee.

No. 8814. Argued April 19, 1944.—Decided July 24, 1944.

*Ismael Soldevila* for appellants.   *Erasto Arjona Siaca* for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

The Federal Land Bank of Baltimore was the owner of a certain mortgage on a property of 104.71 acres (*cuerdas*) belonging to Isabel Illanes and to her sons Sebastián, Francisco, Pedro, Miguel, and Catalina Alcázar. They owed to the bank $1,045.32 by reason of installment due on the mortgage. On April 9, 1931, Américo Oms with the knowledge of the debtors and without any objection on their part paid to the bank said amount. Subsequently, the property of 104.71 acres was divided into two parcels: one of 52.35 acres which was allotted to Isabel Illanes and the other of 52.36 acres which was allotted to her sons. Isabel Illanes segregated from her parcel a lot of 36 acres which she sold to Alfredo Vega keeping for herself the remaining part, but all three parcels were affected by the mortgage of the bank inasmuch as the lien was indivisible.

In April 1931, Oms brought an action, case No. 5836, in the lower court for the recovery of the $1,045.32 which he had paid to the bank on behalf of the defendants. The defendants objected, the case went to trial, and after a judgment was rendered in favor of plaintiff for that amount, the properties were awarded to him in partial satisfaction of the judgment there being left unpaid the sum of $45.32, for the payment of which a second order of execution was issued on the supposed crops and trees which were alleged to be planted on the properties. On May 17, 1935, Isabel Illanes and her sons brought an action against Oms in the lower

court, seeking the nullity of the proceeding taken in case No. 5836, the revendication of the properties, and the recovery of the fruits yielded or that should have been yielded by the properties.

Although in fact there is alleged only one cause of action in the complaint, consisting of the alleged nullity of the proceedings had in case No. 5836 and, as a consequence of said nullity, recovery is sought of the properties and of the fruits yielded or that should have been yielded, the plaintiff have divided the complaint into five causes of action considering as a separate cause of action each one of the grounds of nullity relied on.

It is substantially alleged in the complaint that when Isabel Illanes was summoned in case No. 5836, it was not stated that she was summoned in her dual capacity as defendant and as mother with *patria potestas* over the minors Catalina and Pedro Alcázar. It was further alleged that Oms testified at the trial of case No. 5836 that Isabel Illanes owed him a certain amount of money guaranteed by a second mortgage on said properties, that this was false, and that Oms testified to this with the sole purpose of obtaining judgment against her and had it not been for the commission of said fraud, he would not have been able to obtain the judgment; that Cristino R. Colón, who was the attorney for Isabel Illanes and her sons in said case No. 5836, was appointed municipial judge, and that although he had ceased as attorney of record from the date of his appointment, notice of the judgment rendered in case No. 5836 was served on him on May 23, 1932. From the records of said case there is no showing of said service. Although it appears from the affidavit signed by Tulio Medina that he served notice personally on the defendants on June 30, 1932, yet the date on which said notice was filed in the record does not appear therefrom. It is further alleged that in said case No. 5836 there was only levied a precautionary attachment

but no execution thereon was ordered and that said precautionary attachment was not notified to the plaintiffs herein Miguel, Sebastián, Pedro, and Catalina Alcázar; and that the value of the fruits yielded by the properties since Oms took possession thereof until the filing of the complaint in the present case are at least $4,500. The complaint ends by praying that the judgment rendered against the plaintiffs in case No. 5836 be declared void on any of the grounds set forth; that Oms be ordered to return the properties to the plaintiffs, to pay them $5,000 by reason of certain crops and trees which they alleged the defendant gathered and appropriated to himself, with legal interest thereon from the date on which he took them, and $4,500 by reason of the fruits yielded or that should have been yielded and those which might be yielded or should be yielded by said properties at a rate of at least $1,800 annually; and finally that the entries recorded in favor of Oms in the registry of property be canceled and that he be adjudged to pay the costs, expenses, and attorney's fees.

The lower court made the following findings of fact: That in case No. 5836 Isabel Illanes was not summoned in her capacity as mother with *patria potestas* over the minors Pedro and Catalina Alcázar; and therefore that said summons was void as to them, but that as Attorney Cristino R. Colón had appeared in representation of the defendants by filing a demurrer, and by thus appearing he stated that he did so on behalf of the children already of age, mentioning them, and of Isabel Illanes, for herself and as mother with *patria potestas* over the minors, the defect in the summons was thus cured inasmuch as the minors in that way submitted to the jurisdiction of the court; that plaintiffs' allegation to the effect that Oms had testified at the trial of case No. 5836 that Isabel Illanes owed him a second mortgage had not been proved; that the judgment in case No. 5836 was notified to the former attorney of the defendants, Cristino

R. Colón, Esq., but at the time of serving notice said attorney was no longer representing them since he was already filling the office of municipal judge; that there appears from the record of said case the notice of the judgment which was served by Tulio Medina, but that there does not appear the date on which said service was filed in the record; and finally that it had not been proved that the property had yielded anything during the time that Oms was in possession thereof. On January 26, 1938, the lower court rendered a judgment declaring void both public sales in case No. 5836 and as a consequence thereof it ordered the return of those properties to plaintiffs herein as well as the cancellation of the record made in favor of the defendant in the registry of property, without special imposition of costs. Subsequently, at the request of the plaintiffs the court modified its judgment in the sense of adjudging Oms to pay the costs without including attorney's fees.

█ Oms has not appealed from this judgment and therefore the pronouncements made therein, prejudicial to him, are final and should not be discussed in the appeal herein.

██ In our opinion, the judgment of the lower court is in accordance with the law and the facts as proven. The preponderance of the evidence showed that the properties were full of weeds, that they had been abandoned by plaintiffs themselves sometime before Oms brought suit against them, that the land was completely barren, and that the crops and trees for which the plaintiffs claimed $5,000 never existed.

For the reasons stated the judgment appealed from will be affirmed.

Mr. Justice Todd, Jr., did not participate herein.